**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| MILAN WILSON, *formerly known as* Tierra Gibson<br><br>Plaintiff,<br><br>v.<br><br>PORTAGE POLICE DEPARTMENT, *et al.*,<br><br>Defendants. | ) | Cause No. 2:26-cv-514 |

**OPINION AND ORDER**

Milan Wilson, formerly known as Tierra Gibson, proceeding *pro se*, filed a complaint and a motion to proceed *in forma pauperis* with this court. Because Wilson is trying to file her suit free of charge, I need to review her complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). That statute requires the dismissal of a complaint that is (1) frivolous, *see Vey v. Clinton*, 520 U.S. 937, 937 (1997); (2) fails to state a claim, *Jaros v. IDOC*, 684 F.3d 667, 669 n.1 (7th Cir. 2012); or (3) seeks monetary damages against a defendant who is immune from such damages. Section 1915(e)(2) applies to all litigants who seek to proceed *in forma pauperis*, not just prisoners. *See Vey*, 520 U.S. at 37 (applying § 1915(e)(2)(B)(i) to non-inmate). Courts apply the same legal standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1027 (7th Cir. 2013).

To state a claim, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The

complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing Wilson's complaint, I will accept all well-pleaded facts as true and draw all reasonable inferences in her favor. *See Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018). Moreover, as Wilson is proceeding *pro se*, the court will liberally construe her pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Wilson claims that on September 28, 2025, she was a passenger in a car driving through Indiana. [DE 1.] The driver got lost and pulled onto the shoulder of the road. Officer Andrew Smith of the Portage Police Department observed the vehicle and began following them because he thought the vehicle was suspicious, despite, according to Wilson, there being "no outstanding warrants, issues, or violations." *Id.* At this point, the alleged facts become vague, and appear to not be presented in chronological order, but I will attempt to piece it together here. Wilson claims she was arrested by Officer Smith, Officer Lobban, and Officer Berkowitch. She alleges that Officer Lobban threatened her and used excessive force by unnecessarily tightening her handcuffs. She also alleges that Officer Berkowitch conducted an inappropriate search of her person. Wilson also claims that Officer Smith submitted an affidavit, presumably in a state court proceeding, that was contradicted by Officer Lobban's account of events made during a hearing on a motion to suppress. *Id.*

She lists Officer Smith and Officer Lobban as defendants. She does not list the Portage Police Department as a defendant in the body of the complaint but does list the

department in the case caption. As a result, I will construe her complaint as an attempt to sue the police department as well. Wilson does not list Officer Berkowitch as a defendant and, besides the one mention of inappropriately searching her, does not mention the officer again. Wilson spent four nights in jail as a result of her arrest by the Portage Police Department, and she alleges that this incident has caused her severe emotional distress, damaged her reputation, and hindered her ability to find work as a nurse.

Something unlawful may well have happened to Wilson during her arrest in Portage last year. But as the complaint presently stands, there needs to be more information in order for me to determine whether, under Section 1915(e)(2)(B), it plausibly states a claim or not. Wilson appears to be attempting to bring claims of excessive force and unreasonable search and seizure under the Fourth Amendment as well as potentially false imprisonment/false arrest claims.

As to the excessive force claim, the key question is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). Wilson has provided only a few sentences of allegations relating to the arrest and has provided an insufficient explanation of the circumstances surrounding it. *James v. McCurdy*, 2026 WL 1417112, at *1 (N.D. Ind. May 20, 2026) ("This complaint provides no information about what else was happening before and during these uses of force. There are many legitimate reasons why a police officer can use force. Without

more facts about what happened, it is mere speculation to infer that the officers' actions were objectively unreasonable.").

Moreover, the only defendant she has listed relating to a claim of excessive force is Officer Lobban and his allegedly making her handcuffs too tight. There are no allegations of excessive force against Officer Smith, and it is unclear from her complaint if she means to bring an excessive force claim against him. She further does not appear to be suing Officer Berkowitch and, if she were, does not explain what was inappropriate about Officer Berkowitch's search. Additionally, while handcuffs being too tight can constitute excessive force, a plaintiff has to allege more than just that they were tight. To state a claim based on handcuff tightness, a complaint must allege at least some facts concerning the length of time they were left on or facts from which I could reasonably infer the officer knew the handcuffs were causing pain. *Reed v. Hartman*, 2023 WL 7017074, at *1 (N.D. Ind. Oct. 24, 2023) (dismissing a claim of excessive force based on handcuff tightness where they were alleged to be on for a short period of time and there were no allegations supporting that the officer knew they were causing pain).

As for the potential false imprisonment/false arrest and unreasonable search and seizure claims, many of the same issues are present. These claims turn largely on whether there is probable cause, which involves analyzing the circumstances of the search and arrest. Wilson's allegations on this front are simply too threadbare to state a plausible claim. Flatly stating that there was no reason for the officers to arrest her is not enough. For example, she does not allege how and when she was pulled over. In essence, the complaint jumps straight from alleging that Officer Smith followed them, to

her being in handcuffs. The plausibility standard under *Iqbal* requires more. *Muhammad v. Village of South Holland*, 2014 WL 340085, at *2 (N.D. Ind. Jan. 28, 2014) (dismissing claims of unreasonable search and seizure and excessive force for lack of sufficient allegations).

As to the Portage Police Department, they are not a proper defendant in this case. A "police department is not a suable entity apart from the city which operates it." *Webb v. Murphysboro Police Dept.*, 2017 WL 1398084, at *2 (S.D. Ill. April 19, 2017); *see West By and Through Norris v. Waymire*, 114 F.3d 646, 646–47 (7th Cir. 1997). Wilson may name the municipality that operates the police department as a defendant, but not the police department itself. I would also caution Wilson that, for any claims brought under Section § 1983, a municipality cannot be held vicariously liable based on the liability of an individual officer. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Such claims need to relate to conduct of the municipality itself, not just the actions of one of its officers. *Id.*

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (citations omitted); *see also Luevano*, 722 F.3d at 1024-25. Wilson will be given an opportunity to clarify her claims and allegations, including naming all proper defendants, delineating exactly what claims she is bringing against which defendants, and further explaining the circumstances surrounding her arrest and search.

For these reasons, the Court:

(1) GRANTS Milan Wilson until December 13, 2026, to file an amended complaint addressing these deficiencies; and

(2) CAUTIONS Wilson that if she does not amend by the deadline, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B) without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED**.

ENTERED: November 12, 2026.

/s/Philip P. Simon
PHILIP P. SIMON, JUDGE